NOT FOR PUBLICATION (Doc. Nos. 4, 9, 10.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| CLARENCE E. OWENS <u>ex</u> <u>rel</u> ALEXANDER | : : : : |
| Plaintiff, | : Civil No. 15-1485, 15-1491 : |
| v. | : **OPINION** : |
| CREDIT SUISSE SECURITIES (USA) LLC et al. | : : : |
| Defendants. | : : |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion to remand of Plaintiff Clarence E. Owens ("Owens") (Doc. No. 4) and the motions to remand (Doc No. 9) and for sanctions (Doc. No. 10) of Plaintiffs Owens and Dennis and Tyrea Alexander ("the Alexanders"), collectively referred to as "Plaintiffs."

**I.   BACKGROUND**

On December 1, 2014, Plaintiffs filed a complaint in the Superior Court of New Jersey, Burlington County against Defendants Credit Suisse Securities (USA) LLC; DLJ Mortgage Capital, Inc.; Select Portfolio Servicing, Inc.; U.S. Bank., N.A.; Home Equity Asset Trust Series 2006-6 Home Equity Pass Through Certificates, Series 2006-6; Merscorp Holdings Inc.; Mortgage Electronic Registration Systems, Inc.; Bank of America, National Association; Recon Trust Company, National Association; Fidelity National Title Insurance Corporation; Black Knight Financial Services; Servicelink; Milstead & Associates, LLC; Michael Milstead; Law Office of Michael Lipuma; and Michael Lipuma, ("Defendants").  Plaintiffs filed their First

1

Amended Complaint ("FAC") on January 28, 2015.  The FAC contains 27 counts and appears to state claims under multiple federal statutes, including the Home Ownership Equity Protection Act (HOEPA).  On February 27, 2015, Defendants removed this action pursuant to 28 U.S.C. § 1446 on the grounds that Complaint contains questions of federal law.[1]  (Notice of Removal, Doc. No. 1.)

Shortly thereafter, this Court found that Plaintiffs' FAC did not comply with Federal Rule of Civil Procedure ("Rule") 8 and ordered that Plaintiffs file an amended Complaint within fourteen days under pain of dismissal.  (Doc. No. 3).  Plaintiffs' FAC contained over 285 pages, 525 enumerated paragraphs, and 26 individual counts.  It did not contain "a short and plain statement of the grounds for the court's jurisdiction" or "a short and plain statement of the claim that the pleader is entitled to relief" as required by Rule 8.  This Court also emphasized that Plaintiffs' FAC was "overly long and . . . filled with unnecessary, ambiguous, and confusing allegations."  (Id. 1–2.)[2]

Rather than filing an amended Complaint, Owens filed a Motion to Remand, arguing that Defendants' removal was improper because, inter alia, Plaintiffs' claims are not based on federal private rights of action and not all of the Defendants consented to removal.  (Pls.' Mot. to Rem. 3–8, Doc. No. 4.)  Defendants submitted their responses in opposition. (Doc. Nos. 7, 8.)  Before the Court resolved Owens' Motion to Remand, Owens filed a second Motion to Remand as well as a Motion for Sanctions, this time joined by the Alexanders.  (Doc.Nos. 9–10.)  Defendants again filed timely responses to Plaintiffs' second round of motions.  (Doc. Nos. 11-13.)

---

[1] See 28 U.S.C. § 1331 ("The District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").
[2] The Court instructed Plaintiffs to file an Amended Complaint that is no more than 25 pages and corrects the identified deficiencies.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1995) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)). Generally, where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. See Abels, 770 F.2d at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

## III. DISCUSSION

### A. First Motion to Remand (Doc. No. 4)

Owens is a party to the First Amended Complaint as a "Qui-Tam Relator" of the Alexanders, the real parties in interest. (FAC 7.) Owens proceeds pro se and does not appear to have a license to practice law. The Alexanders, too, are pro se plaintiffs and did not sign on to Owens' Motion to Remand. (Id. 20.) Defendants argue that, as a non-lawyer, Owens has no standing to litigate the rights of the Alexanders because they are pro se plaintiffs. The Court agrees.

It is well-settled that "non-attorneys cannot litigate the rights of others." Baxter v. Atlantic Care Main Pomona Hosp., No. 13-7876 (RBK)(JS), 2015 WL 715012, at *2 (D.N.J. Feb. 19, 2015) (quoting Murray v. Toal, No. 14-1599, 2014 WL 4796426, at *2 (M.D. Pa. Sept. 26, 2014). For the Alexanders to proceed with a motion to remand, they, too, must sign the

3

motion. Id. ("Rule 11(a) of the Federal Rules of Civil Procedure requires each pro se plaintiff to sign every pleading, written motion, or other paper submitted to the Court with respect to his claims.")). It appears Owens and Plaintiffs realized their error and filed the second Motion to Remand, which contains the Alexanders' signatures. As such, Plaintiff's first Motion to Remand (Doc. No. 4) is denied.

### B. Second Motion to Remand (Doc. No. 9)

Owens and the Alexanders move to remand the case to state court, arguing that the Complaint does not raise any claims based on federal law, that removal is improper because the state court has concurrent jurisdiction, and that the removing defendants did not obtain the consent of all defendants in the action. The Court rejects all of Plaintiff's arguments.

The Court's March 2, 2015 Order instructed Plaintiffs to file an amended Complaint of no more than 25 pages in length so the Court could further assess Plaintiffs' claims and the grounds for the Court's jurisdiction. Plaintiffs have not aided the Court in discerning the precise nature of their claims and yet argue that the Court has no jurisdiction because Plaintiff's claims are not based on any federal private rights of action.[3] However, as stated in this Court's previous Order (Doc. No. 3), the face of Plaintiffs' 285-page Complaint appears to raise causes of actions that implicate multiple federal laws, including the Truth in Lending Act (TILA), the Real Estate Settlement and Procedures Act (RESPA), and HOEPA. (FAC ¶¶ 129, 177.) Had Plaintiffs' wished to clarify the nature of their claims, they should have filed an amended Complaint within

---

[3] Plaintiff appears to be relying on the logic of Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986). There, the Supreme Court held that a "complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" Merrell Dow, 478 U.S. at 817. However, HOEPA and TILA both contain a private right of action. See 15 U.S.C. § 1640. Therefore, Plaintiff's claims, even if brought pursuant to state law under which a HOEPA or TILA violation is an element, arise under the laws of the United States.

the time period allotted by this Court.  As masters of the complaint, Plaintiffs may include or omit claims in order to determine the forum.

Plaintiff even concedes that "the HOEPA and TILA do provide a private right of action for which the state court has *concurrent* . . . subject matter jurisdiction to adjudicate those claims."  (Pl.'s Second Mot. to Remand 3.)  Simply because a state court has concurrent jurisdiction over a federal cause of action does not render removal improper.  Section 1441 permits removal in a civil action where federal and state law claims are joined so long as the action includes "a claim arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1441.  As explained supra, Plaintiff's FAC appears to contain claims that arise under federal law.

Plaintiff also asserts that removal was improper because the removing defendants did not obtain the consent of all defendants.  Pursuant to 28 U.S.C. 1446(b)(2)(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  Here, it appears that all Defendants whom Plaintiff properly served have consented to removal.  (See Doc. No. 5; Defs.' Br. 4 n.1, Doc. No. 11; Defs.' Br. 12, Doc. 12.)  Plaintiffs provide no indication that they properly served the remaining defendants who have not consented to removal, and therefore, the Court finds no merit to Plaintiffs' objections.

### IV. Motion for Sanctions (Doc. No. 10)

Plaintiffs request that the Court impose sanctions on the Defendants because they exercised bad faith in removing the case to district court.  Because the Court has concluded that removal was not improper, it finds no basis to impose sanctions.  Plaintiff's Motion for Sanctions is therefore denied.

### V. Sua Sponte Dismissal

This Court may "sua sponte dismiss a complaint for failure to comply with Rule 8." Muhammad v. U.S. States Bd. of Governors Postal System, 574 Fed. App'x. 74, 74 (3d Cir. 2014). Such dismissal "is appropriate in cases where 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Id. (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). This Court's March 2, 2015 Order instructed Plaintiff to file an amended Complaint within 14 days or risk the Court dismissing the case with prejudice pursuant to Rule 41. Instead of filing an amended complaint, Plaintiffs contested this Court's jurisdiction. Having now denied Plaintiffs' motions to remand, the Court will grant Plaintiffs one final opportunity to file an amended Complaint. Plaintiffs must file the amended Complaint within **fourteen (14) days** from the date of this Opinion and accompanying Order under pain of the Court dismissing this case with prejudice pursuant to Rule 41 for failure to comply with Rule 8. The Complaint must be no longer than twenty-five (25) pages in length and must comply with the requirements of Rule 8.

### VI. Conclusion

For the reasons mentioned above, the Court denies Plaintiffs' Motions to Remand and for sanctions. Plaintiffs have one final opportunity to file an amended Complaint within **fourteen (14)** days from the date of this Opinion and accompanying Order or risk the Court dismissing this case with prejudice pursuant to Rule 41 for failure to comply with Rule 8.

Dated:      10/20/2015                                          s/Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge